UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY J. MICAL and LUTGARDA C. MICAL, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 13 C 6508 |
| PHILIP J. GLICK, ALAN E. CASE, LYNN HIRSCHFELD BRAHIN and E*TRADE SECURITIES LLC, | ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on: (i) the motions of Defendants E*TRADE Securities LLC ("E*TRADE") and Philip Glick, Alan Case and Lynn Hirschfeld Brahin (the "Arbitrators") (collectively "Defendants") to dismiss the complaint of Plaintiffs Stanley Mical ("Mr. Mical") and Lutgarda Mical (collectively the "Micals") pursuant to Federal Rule of Civil Procedure 12(b)(6); (ii) the Micals' motion for discovery from the Arbitrators; and (iii) E*TRADE's motion to confirm an arbitration award (the "Award") rendered on June 14, 2013. For the reasons set forth below, Defendants' motions to dismiss are granted, the Micals' motion for additional discovery is denied as moot, and E*TRADE's motion to confirm the Award is granted.

BACKGROUND

I. Facts

The following well-pleaded allegations are derived from the Micals' first amended complaint, and the Court accepts them as true and draws all reasonable inferences in favor of the Micals for purposes of the instant motion. In early 2008, the Micals opened an account with E*TRADE for the purpose of trading stocks and securities. By the end of June 2008, the Micals' balance was nearing $0.00, and by July 7, 2008, their account had negative equity. E*TRADE issued a margin call of $35,000 on July 1, 2008. The Micals were informed that they could satisfy this margin call by: (i) depositing cash into their account; (ii) liquidating securities; or (iii) depositing additional marginable securities.

On July 7, 2008, Mr. Mical engaged in a telephone conversation with Stuart Novoselski ("Novoselski"), an E*TRADE representative. Novoselski implied that the Micals needed to remit approximately $111,000 to satisfy the margin call, whereas Mr. Mical was willing to pay $35,000. After this phone call, pursuant to an agreement entered into with the Micals at the beginning of their relationship with E*TRADE, E*TRADE liquidated the stocks in the Micals' account to cover open call options that the Micals had drawn on their account.

II. Procedural History

On July 5, 2011, pursuant to their agreement with E*TRADE, the Micals filed a Statement of Claim with FINRA Dispute Resolution, Inc. seeking to arbitrate

E*TRADE's liquidation of their account. The Micals alleged that E*TRADE's actions had been negligent and that E*TRADE should have given them until the close of business on July 7, 2008, to transfer cash into their account to satisfy the margin call. Pursuant to their agreement with E*TRADE, the arbitration proceedings (the "Arbitration") would be conducted consistent with the rules of the Financial Industry Regulatory Authority ("FINRA").

For nearly two years, the Micals and E*TRADE engaged in discovery and submitted briefs to the Arbitrators. The Micals and E*TRADE participated in the selection of the Arbitrators, and four pre-hearing sessions were held prior to the final stage of the Arbitration, a hearing that occurred over five sessions between June 4, 2013 through June 6, 2013.

At the hearing, the Arbitrators heard all of the evidence presented and did not exclude any evidence. The evidence included a tape recording of the phone call between Mr. Mical and Novoselski. The Arbitrators declined to replay the tape of the conversation during the hearing but read the transcript of it in addition to the one playing of the phone call. Ultimately, the Arbitrators rejected the Micals' version of events—that Novoselski had demanded $111,000. Instead, the Arbitrators accepted E*TRADE's version—that the Micals' charge of negligent liquidation was false and that E*TRADE had sold the Micals' stocks after Mr. Mical had indicated that the Micals would not satisfy the margin call. On June 14, 2013, the Arbitrators issued the Award in which E*TRADE and the Micals were assessed costs of the Arbitration, the

Micals' claim was deemed to be false, a counterclaim by E*TRADE for over $60,000—the Micals' outstanding balance at the end of July 2008—was dismissed, and a recommendation that any record of this allegation be expunged from Novoselski's records maintained by the Central Registration Depository ("CRD"). On November 20, 2013, the Micals filed a two count first amended complaint seeking to vacate or modify the Award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* Specifically, the Micals request an award of $481,617—the amount of the liquidated securities. In addition to its motion to dismiss, E*TRADE has moved this Court to confirm the Award.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs need not provide detailed factual allegations but must provide enough factual support to raise their right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss under Rule

12(b)(6). *Id.* at 678. Pro se complaints should be construed liberally and held to a less stringent standard than those drafted by attorneys. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

## DISCUSSION

I. The Arbitrators' Motion to Dismiss and the Micals' Motion for Discovery

With respect to the claims against the Arbitrators, minimal analysis is warranted. Arbitrators perform functionally the same role as judges and have long been held to possess absolute immunity. *See Tamari v. Conrad*, 552 F.2d 778 (7th Cir. 1977). It is undisputed that the Arbitrators have been sued on account of their actions pertaining to the Arbitration, and their actions hence fall within the scope of the absolute immunity granted to arbitrators in Tamari and subsequent cases. The Micals' claims against the Arbitrators are thus dismissed. The Court also denies the Micals' motion to mandate production of records by the Arbitrators. Aside from the recordings of the Arbitration, no records are specifically sought, and the Court will not permit a broad request for records. In any event, as the instant case is dismissed in its entirety, the motion for records is moot.

II. E*TRADE's Motion to Dismiss

E*TRADE alleges that the Micals have failed to plead sufficient facts to warrant vacatur of the Award. The FAA contains four grounds under which a court may vacate an award. *See* 9 U.S.C. § 10(a)(1)-(4). The Micals seek vacatur on two grounds: (i) 9 U.S.C. § 10(a)(2) (evident partiality by the Arbitrators); and (ii) 9

U.S.C. § 10(a)(3) (the Arbitrators committed misconduct by failing to hear evidence). The Micals also seek to modify the Award pursuant to 9 U.S.C. § 11(a).

When parties seek judicial review of the decision of an arbitrator, the integrity of the arbitral process is undermined. *Johnson Controls, Inc. v. Edman Controls, Inc.*, 712 F.3d 1021, 1028 (7th Cir. 2013). A court thus can overturn an arbitration award only on "extremely limited" grounds. *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 563 (7th Cir. 2008). A court will uphold an arbitration award as long as "an arbitrator is even arguably construing or applying the contract and acting within the scope of this authority." *Local 15, Int'l Bhd. of Elec. Workers v. Exelon Corp.*, 495 F.3d 779, 782-83 (7th Cir. 2007). A court may not overturn an award because an arbitrator "committed serious error[.]" *Id.* at 783. Even if an arbitrator's decision is "incorrect or even whacky[,]" a court will not overturn it. *Johnson Controls*, 712 F.3d at 1025 (internal quotation marks and citations omitted). "A reviewing court will enforce the arbitrator's award so long as it draws its essence from the contract, even if the court believes that the arbitrator misconstrued its provisions." *United Food & Commercial Workers, Local 1546 v. Ill. Am. Water Co.*, 569 F.3d 750, 754 (7th Cir. 2009) (internal quotation marks and citation omitted). "An arbitrator's decision draws its essence from the contract if it is based on the arbitrator's interpretation of the agreement, correct or incorrect though that interpretation may be." *Id.* at 754. An arbitrator does not exceed his authority by "not explaining his award in greater detail[.]" *Halim*, 516 F.3d at 564.

A.  Misconduct

The Micals fail to plead any facts indicating that the Arbitrators committed misconduct. According to their complaint, the Micals only allege misconduct in the supposed failure of the Arbitrators to consider evidence. Yet, the Micals fail to inform the Court of the precise evidence that the Arbitrators failed to consider, other than not having replayed the tape of the phone call with Novoselski. The Court is satisfied that one playing of the tape, in addition to reading the transcript plus hearing the Micals' commentary regarding the phone call, constitutes sufficient consideration of that evidence by the Arbitrators.

The Micals point to no other evidence that the Arbitrators failed to consider, either explicitly (through exclusion of evidence offered by the Micals) or implicitly. The failure of the Arbitrators to explain their decision in detail is, in and of itself, insufficient to indicate that misconduct occurred in the form of failing to consider evidence. *See Halim*, 516 F.3d at 564. The Arbitrators interpreted the evidence differently than the Micals. This interpretation, even if "whacky," does not warrant vacatur of the Award. *See Johnson Controls*, 712 F.3d at 1025. The Arbitrators considered the evidence regarding the phone call (and other evidence, obviously) over a period of three days and five sessions during the hearing, in addition to the pre-hearing sessions with the Micals and the substantial written materials submitted by the Micals and E*TRADE. The Court cannot, drawing all reasonable inferences in favor of the Micals, glean misconduct from these facts.

B.  Evident Partiality

The Micals' claim likewise fails with respect to evident partiality or corruption. The Micals claim that the Arbitrators were evidently partial because of their erroneous decision and comments during the hearing. The Supreme Court has defined several types of bias, including external knowledge of a case, an innate deep-seated favoritism or antagonism towards a party, an economic interest in a case, or a familiar interest in it. *See Liteky v. United States*, 510 U.S. 540, 556 (1994).

In the present case, none of the Arbitrators' comments appears to be either antagonistic towards the Micals or indicative of any favoritism towards E*TRADE. The Micals do not allege a familiar or economic interest on the part of any of the Arbitrators, nor do the Micals allege that the Arbitrators acquired external knowledge regarding the case. The Arbitrators' decision itself is insufficient to constitute a showing of evident partiality, for if it were, any dissatisfied party could allege evident partiality whenever an unfavorable decision is rendered. Such a ruling would also contravene the Seventh Circuit's repeated instruction that even a "whacky" decision should not be overturned due to its erroneousness. *See Johnson,* 712 F.3d at 1025. As such, the Micals' claim of evident partiality must fail.

C.  Modification

Alternatively, the Micals seek to modify the Award. Under the FAA, a court is permitted to modify or correct an award "where there was an evident material miscalculation of figures or an evident material mistake in the description of any

person, thing, or property referred to in the award." 9 U.S.C. § 11(a). For instance, double recovery would warrant a modification of an award. *See Eljer Mfg. v. Kowin Dev. Corp.*, 14 F.3d 1250, 1254 (7th Cir. 1994).

In the instant case, the requested modification amounts to nothing more than an attempt to relitigate the Arbitration. The Micals do not cite any mathematical errors on the part of the Arbitrators such as the double recovery present in *Eljer*. Rather, they again claim that the Arbitrators' decision was erroneous not to award them the value of the liquidated securities. The Court declines to read the modification provision of the FAA in such a broad manner. That provision is present to correct patent mathematical errors or misidentifications, not as a vehicle through which a dissatisfied party may make an end run around the limited judicial review of arbitral decisions.

III. Confirmation of the Award

E*TRADE seeks confirmation of the Award. Within a year of the entry of an award, a party may seek to confirm it in the court so specified, and the court must do so unless the award has been vacated or modified under 9 U.S.C. § 10 or 9 U.S.C. § 11. 9 U.S.C. § 9. "[I]f the district judge is satisfied that the arbitrators resolved the entire dispute and can figure out what that resolution is, he must confirm the award." *IDS Life Ins. Co. v. Royal Alliance Assocs.*, 266 F.3d 645, 650-51 (7th Cir. 2001).

In the present action, E*TRADE has sought confirmation of the Award within one year of its entry on June 14, 2013. The Award presents the Court with no

challenges in terms of comprehending it. With respect to the issue of the expungement of Novoselski's record with the CDR, E*TRADE has provided the requisite waiver by FINRA of its being named a party to the instant litigation in accordance with FINRA rules. As such, the Award is confirmed.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (Doc [17] and [18]) are granted, the Micals' motion for discovery (Doc [21]) is denied as moot, and E*TRADE's motion to confirm the Award (Doc [17]) is granted. Civil case terminated.

_____
Charles P. Kocoras
United States District Judge

Dated: 1/28/2014 _____